IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NATANAEL ESCARCEGA,

      Plaintiff,

vs.                                      No. CV 16-01231 JCH/KRS

DISTRICT JUDGE GRANT L. FOUTZ,
DISTRICT ATTORNEY GERTRUDE LEE,
DEFENDANTS ATTORNEY STEVEN F. SEEGER,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court *sua sponte* on the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff Natanael Escarcega on November 9, 2016 ("Complaint"). (Doc. 1). The Court will dismiss the Complaint for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). Also before the Court is Plaintiff Escarcega's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) supplemented by his six-month inmate account statement (Doc. 3). The Court finds that Plaintiff has demonstrated an inability to pre-pay the fees and costs of this lawsuit and will grant his Application to Proceed under 28 U.S.C. § 1915(a) and (b).

### *1. Standards for Failure to State a Claim*

Plaintiff Escarcega is proceeding pro se and *in forma pauperis* on civil rights claims under 42 U.S.C. § 1983. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 570.

Under § 1915(e)(2)(B) the Court may dismiss the complaint at any time if the Court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The Court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual

2

allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

### 2. *Escarcega's Complaint Fails to State a Claim*

Plaintiff Escarcega alleges civil rights claims under 42 U.S.C. § 1983. (Doc. 1). Plaintiff names, as Defendants, New Mexico State District Judge Grant L. Foutz, District Attorney Gertrude Lee, and Defense Attorney Steven F. Seeger. (Doc. 1 at 1-2). Escarcega alleges that "[a]ll three defendants co-conspired to give me a guilty plea with out due process and other violations." (Doc. 1 at 2). For supporting facts, Plaintiff's Complaint states "see attached sheet," but no sheet is attached to the Complaint. (Doc. 1 at 3-4). Plaintiff has, however, filed 14 supplements to the Complaint (Doc. 4, 5, 11, 12, 14, 17, 18, 21, 22, 23, 24, 25, 26, 27) and has written the Court 6 letters containing additional information and allegations (Doc. 7, 8, 9, 10, 13, 20). The supplements and letters indicate that Plaintiff Escarcega's claims arise out of his guilty plea and sentence for Voluntary Manslaughter in State of New Mexico, County of McKinley, Twelfth Judicial District Court cause no. D 1113-CR-2013-00106. See, e.g., Doc. 12.

Escarcega's civil rights claims against Judge Grant Foutz are against a judicial officer acting as a judge and are clearly barred by absolute judicial immunity. *See Stump v. Sparkman,*

435 U.S. 349, 355-56 (1978); *Christensen v. Ward,* 916 F.2d 1462, 1473-76 (10th Cir. 1990); *Hunnicutt v. Sewell,* 147 N.M. 272, 277-78, 219 P.3d 529, 534-45 (Ct. App. 2009). It is well settled that the doctrine of judicial immunity is applicable in actions, such as the case at bar, with 42 U.S.C. § 1983 claims as well as state law claims. *Van Sickle v. Holloway,* 791 F.2d 1431, 1434–35 (10th Cir.1986); *Collins on Behalf of Collins v. Tabet,* 111 N.M. 391, 396, 806 P.2d 40, 45 (1991). Absolute immunity bars all suits for money damages for acts made in the exercise of judicial discretion. *Guttman v. Khalsa,* 446 F.3d 1027, 1033 (10th Cir.2006).

The United States Supreme Court has recognized absolute immunity for officials whose special functions or constitutional status requires complete protection from suit. *Harlow v. Fitzgerald,* 457 U.S. 800, 807 (1982). The purpose of absolute judicial immunity is:

> "to benefit the public, 'whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' The Supreme Court has recognized that 'the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.' Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation."

*Van Sickle v. Holloway,* 791 F.2d at 1434–35. Escarcega seeks to recover damages against Judge Foutz for acts that were unquestionably made in the exercise of judicial discretion. Any claims against Judge Foutz are barred by absolute judicial immunity.

Escarcega also names District Attorney Gertrude Lee as a Defendant. (Doc. 1 at 2). Like judges, prosecutors are entitled to immunity in the performance of their prosecutorial functions. *Miller v. Spiers*, 434 F.Supp.2d 1064 (2006); *Johnson v. Lally,* 118 N.M. 795, 796, 887 P.2d 1262, 1263 (Ct. App. 1994). The common law has long recognized prosecutors must be given immunity from the chilling effects of civil liability. *Burns v. Reed,* 500 U.S. 478, 485, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Griffith v. Slinkard,* 146 Ind. 117, 44 N.E. 1001, 1002 (1896); *Collins,* 111 N.M. at 396, 806 P.2d at 45. Prosecutors are absolutely immune from damages for

4

their advocacy and activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Escarcega's claims against District Attorney Lee are for advocacy and activities intimately associated with the judicial phase of the criminal process and Lee is immune from § 1983 liability.

Escarcega also names his defense attorney, Public Defender Steven F. Seeger, as a Defendant. Section 1983 states:

> "Every person who, **under color of any statue, ordinance, regulation, custom, or usage, of any State, Territory or the District of Columbia,** subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983 (emphasis added). The U.S. Supreme Court has held that public defenders cannot be sued under § 1983 because they do not act under color of state law. *See, Polk County. v. Dodson,* 454 U.S. 312, 315, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk,* 454 U.S. at 325. The Complaint makes no allegations against Defendant Seeger other than that he was performing a lawyer's traditional functions as defense counsel to Escarcega in the state criminal proceeding. Because Escarcega's claims are all based on allegations regarding the functions of counsel in his criminal case, Defendant Seeger is not a state actor and the complaint against him fails to state a § 1983 claim for relief. *Polk,* 454 U.S. at 325.

Last, all of Escarcega's claims are barred under *Heck v. Humphry,* 512 U.S. 477 (1994). In *Heck,* the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. 512 U.S. at 487. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of

the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief are also barred by the *Heck* doctrine. *Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005). *See also Edwards v. Balisok,* 520 U.S. 641 (1997).

Escarcega's Complaint attacks the validity of his criminal proceedings, his criminal conviction, and his sentence. (Doc. 1, 12). Plaintiff Escarcega's request for relief clearly necessitates the invalidation of his sentence. Because a favorable ruling on Escarcega's claims would require treating his sentence in Twelfth Judicial District cause no. D-1113-CR-2013-00106 as invalid, the civil rights claims in the Complaint must be dismissed under the *Heck* doctrine. *See, Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 556–57 (10th Cir.1999). The claims against all Defendants are barred by *Heck* and, therefore, fail to state a claim upon which relief can be granted under rule 12(b)(6).

### 3. *The Court Will Dismiss Without Leave to Amend and Impose a Strike under 28 U.S.C. § 1915(g)*

The Court will dismiss Plaintiff Escarcega's Complaint without leave to amend because the Court determines that amendment of the Complaint would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. Escarcega's allegations will never state a civil rights cause of action against Defendants Foutz, Lee, or Seeger, and will be barred under *Heck*. The Court also finds the claims asserted by Escarcega are frivolous under 28 U.S.C. § 1915(e)(2). The factual allegations are clearly baseless. A complaint plainly abusive of the judicial process is properly typed frivolous within the context of section 1915(e)(2)(B)(i). *See Duhart v. Carlson,* 469 F.2d 471, 477-78 (10th Cir. 1972); *Olson v. Coleman,* 997 F.2d 726, 728-29 (10th Cir. 1993).

The Court concludes that Escarcega's Complaint fails to state a claim for relief and is frivolous under § 1915(e)(2)(B), the Court will impose a strike against him as provided in the "three strikes" rule of the Prisoner Litigation Reform Act (PLRA). 28 U.S.C. § 1915(g). The Court reminds Escarcega that if he accrues three strikes, he may not proceed *in forma pauperis* in civil actions before federal courts unless he is under imminent danger of serious physical injury. § 1915(g).

**IT IS ORDERED**:

(1) Plaintiff Natanael Escarcega's Application to Proceed in District Court Without Prepaying Fees or Costs is **GRANTED**;

(2) Plaintiff Natanael Escarcega's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 is **DISMISSED** with prejudice; and

(3) A **STRIKE** is imposed against Plaintiff Escarcega under 28 U.S.C. § 1915(g).

UNITED STATES DISTRICT JUDGE